**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————

No. 01-11422

(Summary Calendar)

———————

GERALD W HICKS,

Plaintiff - Appellant,

versus

MILLER BREWING COMPANY,

Defendant - Appellee.

———————————————

Appeal from the United States District Court
For the Northern District of Texas
4:01-CV-791-A

———————————————

March 25, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM[*]:

Gerald Hicks appeals the district court's order striking and unfiling his complaint for failure

to include a separately signed certificate of interested persons. Hicks filed his complaint within the

———————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statute of limitations period, but without a certificate of interested persons. Local rules in the Northern District of Texas require that the certificate of interested persons be filed at the same time as the complaint. N.D. TEX. R. 3.1 (providing that a separately signed certificate of interested persons must be provided to the clerk "when the complaint is filed"). The district court therefore struck and unfiled Hicks's complaint. By the time Hicks received notice of the order striking the complaint, the statutory period had expired.

The district court's order striking the complaint, under the circumstances presented here, violated FED. R. CIV. P. 83(a)(2). Rule 83(a)(2) provides that a "local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement." Here, the rule requiring that the certificate of interested persons be filed contemporaneously with the complaint imposes a requirement of form. Although the requirement that the certificate be filed at some point is not itself a mere technicality, that the certificate be filed at the same time as the complaint does constitute merely a formal requirement. The purposes of the rule could have been accomplished as long as Hicks remedied his noncompliance within a reasonable time. As long as Hicks's failure to comply with the rule was not willful–and nothing suggests that it was–he cannot be denied rights as a sanction.

Hicks was indeed denied rights as a result of the district court's order. The district court may have been able to fashion some sort of relief for Hicks in a subsequently filed lawsuit, perhaps by holding that filing the original complaint equitably tolled the statute of limitations. Nevertheless, Hicks lost his *right* to file a lawsuit–a right that did not depend on an exercise of the court's discretion–with the expiration of the statute of limitations period. Abridging Hicks's substantive rights for failure to comply with a local requirement of form falls afoul of FED. R. CIV. P. 83.

We therefore REVERSE the order striking the complaint and REMAND to the district court with instructions that the plaintiff be given 30 days to remedy the failure to file a separate certificate of interested persons.